WISCONSIN RED PRESSED BRICK COMPANY *vs..* ST. PETER STREET IM-
PROVEMENT COMPANY, impleaded, etc.

## May 26, 1891.

**Mechanic's Lien—Evidence—Record of Lien Statement.**—Certain ob-
jections made by defendant, in the trial of an action to foreclose a lien
claimed by a material-man, to the introduction in evidence of the record
of the lien statement, (the making and filing for record of said statement
having been admitted by the answer,) *held* to be without merit.

**Same—Insufficient Contract.**—A written offer to furnish a certain quan-
tity of bricks, made by commission merchants, engaged in selling for
plaintiff and for at least one other manufacturer, accepted by the party
who used the bricks for which the lien is claimed, *held* not to be the
plaintiff's contract for furnishing materials.

Action brought in the district court for Ramsey county, to estab-
lish and enforce a lien for materials (bricks) alleged to have been
furnished by plaintiff to one F. X. Ferodowill, a subcontractor, and
by him used in constructing a building of the Improvement Co.  De-
fence, a denial that Ferodowill was a subcontractor, or that plaintiff
made any contract with him or sold him any brick, or that any of
plaintiff's brick were furnished for or used in the building.  Trial
before *Brill*, J., and judgment ordered and entered establishing a
lien in favor of plaintiff for $1,183.45, from which the Improvement
Co. appeals.

*Williams, Goodenow & Stanton*, for appellant.

*W. A. Lancaster*, for respondent.

COLLINS, J.  Action to foreclose a lien claimed by plaintiff corpo-
ration for materials furnished by it to a subcontractor for use in an
apartment-house erected by defendant corporation in the year 1888.
On findings of fact and conclusions of law made by the court, judg-
ment was entered in plaintiff's favor, after a motion for a new trial
had been denied.  The appeal is from the judgment.  Of the several
assignments of error made by appellant, but one needs to be specially
considered.  The complaint, in addition to other essential allegations,
set forth the making and filing, in seasonable time, of the verified

statement, account, and claim for a lien, required by Gen. St. 1878, c. 90, § 6, as amended. The allegation as to the contents of this account or statement was full and complete, and in its answer defendant admitted the filing by plaintiff, on the day specified, of the statement, account, and affidavit mentioned in the complaint. It is apparent, therefore, that, as there was no issue made by the plead-ings as to the making and filing of this instrument, it was wholly unnecessary for plaintiff to introduce, as it did upon the trial, proof of its contents, and that it had been duly filed with the register of deeds. It was immaterial testimony, of course, but harmless, and the defendant's objections that it did not correspond with the proof, and that its record did not show that the written contract of the subcontractor with plaintiff was filed or recorded, were without merit. The paper claimed by defendant as a written contract under which plaintiff furnished the bricks, was an offer made by C. S. Leeds & Co., commission merchants in St. Paul, selling for the plaintiff and at least one other manufacturer, to furnish the subcontractor, during certain months, a specified quantity of sand-moulded bricks. The offer was accepted by the subcontractor. No price was mentioned or fixed in the paper; there was nothing about it to indicate that plaintiff was interested, or that its bricks were to be furnished under it. In fact, the undisputed testimony was that, as between plaintiff's bricks and those of another manufacturer, the former were not determined upon as those to be used in the erection of defendant's building until some weeks after the paper was signed by the parties. In no sense was it a contract for the sale or furnishing of the materials in controversy. The testimony as to the purchaser having been a subcontractor, and as to the number of thousand of bricks used by him, and that the same were furnished for defendant's building, amply sustained the findings.

Judgment affirmed.